# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | |
|---|---|
| **HEARTLAND BANK** | **PLAINTIFF** |
| **VS.**          **4:16-CV-00076-BRW** | |
| **RANDAL B. PARSLEY,** *et al.* | **DEFENDANTS** |
| **RANDAL B. PARSLEY** | **THIRD-PARTY PLAINTIFF** |
| **VS** | |
| **L. WALTER QUINN** | **THIRD-PARTY DEFENDANT** |

## ORDER

Pending are Third-party Defendant's Motion for Summary Judgment (Doc. No. 61) and

Plaintiff's Motion for Summary Judgment (Doc. No. 63). Responses and replies have been

filed.[1] For the reasons set out below, Third-party Defendant's Motion for Summary Judgment

(Doc. No. 61) is DENIED and Plaintiff's Motion for Summary Judgment (Doc. No. 63) is

GRANTED.

## I.  BACKGROUND[2]

In 2011, Third-party Defendant Walter Quinn and a man named John Lewis owned Rock

Exploration, LLC, which was involved in the oil-and-gas business. Looking for another

investor, Mr. Quinn offered to sell Mr. Randal Parsley a 10% stake in Rock Exploration. The

agreement between Mr. Quinn and Mr. Parsley was never reduced to writing. Based on a report

supplied by Mr. Quinn, Rock Exploration had $30 million in oil-and-gas reserves, which meant

Mr. Parsley needed to pay $3 million to obtain the 10% stake. On December 19, 2011, Plaintiff

---

[1]Doc. Nos. 79, 83, 85, 87.

[2]Unless otherwise noted, the Background comes from the statements of material fact not in dispute (Doc. Nos. 60, 64, 81).

Heartland Bank loaned Mr. Parsley and Ambassador Energy, LLC ("Defendants") $3 million, (at

7% annual interest) to invest in Rock Exploration. Defendants have not timely repaid the loan,

and, as of August 30, 2017, a little over $1.7 million was outstanding on the loan, with interest

accruing daily.

Heartland Bank filed the Complaint seeking repayment of the loan. Defendants

responded by claiming they were duped by Mr. Quinn, and that Heartland Bank has unclean

hands because it was owned by Mr. Quinn and knew what was going on with the loan. Mr.

Quinn contends that Defendants' claims are subject to the statute of limitations.

## II.      SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

extreme remedy that should only be granted when the movant has established a right to the

judgment beyond controversy.[5] Nevertheless, summary judgment promotes judicial economy by

preventing trial when no genuine issue of fact remains.[6] This court must view the facts in the

---

[3]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed R. Civ. P. 56.

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

light most favorable to the party opposing the motion.[7]  The Eighth Circuit has also set out the

burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate,
> *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine
> dispute on a material fact.  It is enough for the movant to bring up the fact that the
> record does not contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is discharged, and, if the record
> in fact bears out the claim that no genuine dispute exists on any material fact, it is
> then the respondent's burden to set forth affirmative evidence, specific facts,
> showing that there is a genuine dispute on that issue.  If the respondent fails to carry
> that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will

properly preclude the entry of summary judgment.[9]

## III.  DISCUSSION

### A.  Plaintiff's Motion for Summary Judgment

Plaintiff asserts that it is entitled to summary judgment because it is undisputed that

Defendants took out a loan that is now overdue.  Defendants do not deny this, but argue that

Plaintiff may not recover based on the unclean-hands doctrine.[10]  "[T]he clean-hands doctrine

bars relief to those guilty of improper conduct in the matter in which they seek relief."[11]

Defendants point to numerous "questions of fact" to support their claim of unclean

hands.  For example, when Defendants obtained the loan, Mr. Quinn "was the principal

---

[7]*Id.* at 727-28.

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

[10]Doc. No. 80.

[11]*Poff v. Brown*, 374 Ark. 453, 456, 288 S.W.3d 620, 623 (2008).

shareholder and chairman of Rock Bancshares, which owned all the stock of Heartland."[12]

Notably, this is not in dispute. Defendants also alleged that Heartland Bank knew that Mr.

Quinn was benefitting from the loan to Mr. Parsley and this would have been obvious because

Mr. Parsley didn't make a payment on the loan until June 2015 – before then, payments were

always made by Mr. Lewis. Neither of these arguments – nor the others set out in Defendants'

response – have anything to do with the legitimacy of the loan between Defendants and

Heartland Bank.

The undisputed facts are that Defendants borrowed $3 million to buy 10% of a business

owned by Mr. Quinn. Defendants have not repaid the loan. Plaintiff seeks repayment. The fact

that Mr. Quinn allegedly induced Defendants to get a loan and has failed to come through on his

alleged agreement with Defendants is irrelevant to the dispute between Plaintiff and Defendants.

Defendants obtained a loan from Plaintiff under terms that were agreeable to both parties.

Defendants – through no fault of Plaintiff – have failed to repay the loan. Accordingly,

Plaintiff's Motion for Summary Judgment (Doc. No. 63) is GRANTED.

**B.      Third-party Defendant's Motion for Summary Judgment**

Third-party Defendant Quinn asserts that he is entitled to summary judgment based on

the statute of limitations – which everyone agrees is three years. According to Mr. Quinn, the

statute of limitations commenced on January 12, 2012, because that was when Defendants first

requested a certificate of ownership interest in Rock Exploration. Defendants contend that the

claims did not arise until December 1, 2015, when Mr. Quinn finally denied having an

agreement with Defendants.

---

[12]*Id.*

It seems to me that the run-around Defendants allegedly got from Mr. Quinn (and Mr. Lewis) tolled the statute of limitations, since this run-around, obviously, lead Defendants to believe that the deal was still on. Mr. Quinn even admits that he was dodging Defendants – *e.g.* In 2013, Defendants asked Mr. Quinn about the remainder of the loan but "Quinn never provided Parsley a direct answer."[13] In May 2015, Mr. Quinn told Defendants that he "would make good on his promise to pay the $1.5 million to Heartland if Parsley would sign the Heartland Bank loan extension."[14]

Accordingly, Third-party Defendant's Motion for Summary Judgment (Doc. No. 61) is DENIED.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Third-party Defendant's Motion for Summary Judgment (Doc. No. 61) is DENIED and Plaintiff's Motion for Summary Judgment (Doc. No. 63) is GRANTED.

Plaintiff should forthwith file a brief setting out an updated loan balance.

Trial on the Third-party Complaint remains set for Tuesday, October 10, 2017.

IT IS SO ORDERED this 25th day of September, 2017.


/s/ Billy Roy Wilson_____
UNITED STATES DISTRICT JUDGE

---

[13]Doc. No. 60.

[14]*Id.*